[ECF No. 33]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JJD ELECTRIC, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNPOWER CORPORATION, SYSTEMS,<br><br>        Defendant. | Civil No. 22-1275<br>(RBK/MJS) |

**O P I N I O N  &  O R D E R**

This matter comes before the Court upon the motion for leave to file an amended complaint ("Motion") filed by plaintiff JJD Electric, LLC ("Plaintiff") [ECF No. 33]. The Court has reviewed Plaintiff's submission, the opposition filed by defendant SunPower Corporation, Systems ("SunPower") [ECF No. 38], and Plaintiff's brief in reply [ECF No. 39]. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

Procedural History

Plaintiff filed suit against SunPower and then-defendant Solar Star River, LLC ("Solar Star") in the Superior Court of New Jersey, Camden County on January 20, 2022. ECF No. 1-3. Plaintiff alleged that SunPower contracted with the Delaware River Port

1

Authority ("DRPA") to construct and install "certain solar power generation and storage equipment at various DRPA locations in southern New Jersey." Id. ¶¶ 7-8. SunPower hired Plaintiff as a subcontractor, by way of a Subcontract Agreement dated May 18, 2020, which required Plaintiff to "provide certain electrical contracting services in connection with the installation of power equipment" at the various project locations. Id. ¶¶ 10-12. Plaintiff alleged that "[t]he total balance due from SunPower to JJD for the electrical work performed but unpaid is estimated to be approximately $2 million, including retainage, plus delay damages in the approximate amount of $4 million." Id. ¶ 19.

Plaintiff brought four claims against SunPower: (1) violation of New Jersey Prompt Payment Act, (2) breach of contract, (3) unjust enrichment, and (4) breach of implied covenant of good faith and fair dealing. ECF No. 1-3. Plaintiff brought only the unjust enrichment claim against Solar Star. Id.

SunPower and Solar Star removed the case to this Court on March 9, 2022. ECF No. 1. Solar Star filed a motion to dismiss the complaint on March 16, 2022 [ECF No. 11] and SunPower filed a motion to dismiss and compel arbitration on April 11, 2022 [ECF No. 17]. However, before Plaintiff responded to either of these motions, the parties stipulated to (1) the dismissal of Solar Star as a defendant [ECF No. 19], (2) the case being stayed "pending the conclusion of mediation and arbitration" [ECF No. 22], and (3)

2

the withdrawal, without prejudice, of SunPower's motion to dismiss and compel arbitration [id.].

The case was reinstated on January 26, 2023 [ECF No. 24] upon request of the parties [ECF No. 23]. SunPower subsequently filed a joint motion to dismiss and motion for summary judgment on February 10, 2023. ECF No. 30. In response, Plaintiff filed an amended complaint on March 3, 2023 [ECF No. 32] and the current Motion on March 6, 2023 [ECF No. 33] "out of an abundance of caution" in case Plaintiff was not permitted to file the amended complaint as a matter of course. ECF No. 33-1 at 5. In light of the Motion, the Court administratively terminated SunPower's motion to dismiss and motion for partial summary judgment. ECF No. 35.

Discussion

The Court must first determine whether Plaintiff properly filed the amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) ("Rule 15(a)(1)"), or whether the Court's leave was required pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)").

Federal Rule of Civil Procedure 15(a) states:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after

3

> service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Plaintiff argues that it should be able to amend the complaint as a matter of course under Rule 15(a)(1) because Plaintiff has not yet amended its complaint, and the amended complaint complies with the plain text of Rule 15(a)(1)(B) because it was filed within twenty-one days of SunPower's motion to dismiss and motion for summary judgment. ECF No. 33-1 at 8-9. Plaintiff argues that its right to file an amended complaint as a matter of course did not expire with Solar Star and SunPower's previous motions to dismiss because those motions were terminated and withdrawn, respectively.

SunPower argues that Plaintiff was not entitled to amend the complaint as a matter of course because Plaintiff's right to do so expired on April 6, 2022, twenty-one days after Solar Star filed its motion to dismiss.[1] ECF No. 38 at 6-8. SunPower argues that

---

[1] SunPower argues that this deadline should apply, and not May 2, 2022 (twenty-one days after SunPower's first motion to dismiss was filed) because "courts have determined that 'the twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action.'" ECF No. 38 at 6 (quoting U.S. ex rel. Carter v. Halliburton Co., 144 F. Supp. 3d 869, 878 (E.D. Va. 2015)).

4

the termination and withdrawal of the previously filed motions to dismiss had no impact on the twenty-one-day period prescribed by the Rule. Id. at 7 ("The withdrawal of each motion to dismiss is a red herring and has no effect on Plaintiff's deadline to amend 'as a matter of course,' which expired prior to the withdrawal.").

The Court finds that Plaintiff was not permitted to file an amended complaint as a matter of course pursuant to Rule 15(a)(1). Although there is ambiguity in the case law in this circuit and other circuits regarding the proper interpretation of Rule 15(a)(1), the Court finds two cases particularly instructive in making this determination. In Adams-Buffaloe v. State-Operated Sch. Dist. of the City of Camden, Civ. No. 18-17122, 2020 WL 6055152 (D.N.J. Oct. 14, 2020), the Court found that the Court's administrative termination of a case and subsequent dismissal of a motion to dismiss after the deadline to file an opposition to the motion passed did not toll the twenty-one-day deadline for the plaintiff to amend her complaint as a matter of course once the case was restored to the active docket. Cf. Brown v. Camden City Sch. Dist., Civ. No. 19-0114, 2020 WL 6055070 (D.N.J. Oct. 13, 2020) (finding that the Court's administrative termination of a case and subsequent dismissal of a motion to dismiss before the deadline to file an opposition to the motion passed did toll the twenty-one-day deadline for the plaintiff to amend her complaint

5

as a matter of course once the case was restored to the active docket).

In this case, Solar Star's motion to dismiss was filed on March 16, 2022 [ECF No. 11]. Per Rule 15(a)(1), Plaintiff had until April 6, 2022 to file an amended complaint as a matter of course. Although Plaintiff did request an extension of the return date of the motion on March 31, 2022 [ECF No. 16], courts in this district have held that this extension does "not act to extend the time for plaintiff to amend [the] complaint without leave of court under Rule 15(a)(1)(B)." Killion v. Cohen, Civ. No. 16-5356, 2017 WL 2426860, at *2 n. 2 (D.N.J. June 5, 2017). Regardless, Plaintiff never responded to the motion. Instead, the motion to dismiss was terminated on April 19, 2022, after Plaintiff and Solar Star entered into a stipulation dismissing Solar Star as a defendant [ECF No. 19]. This, however, was thirteen days after Rule 15(a)(1)(B)'s twenty-one-day period ended. Therefore, because Plaintiff did not file an amended complaint within twenty-one days of the first motion to dismiss being filed in this case, even though the motion was subsequently terminated, Plaintiff's right to file an amended complaint as a matter of course expired long before the case was reinstated.[2]

---

[2] Plaintiff does not fare differently if the Court were to use SunPower's previous motion to dismiss as the starting point. SunPower filed its motion to dismiss and compel arbitration on April 11, 2022 [ECF No. 17]. Per Rule 15(a)(1), Plaintiff had until

Thus, the Court will address Plaintiff's motion for leave to amend [ECF No. 33] under Rule 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

Plaintiff seeks leave to amend its complaint to (1) assert two additional counts against SunPower, (2) add TotalEnergies Distributed Generation USA, LLC ("TotalEnergies" or "TEDGUS") as a defendant and assert all six claims against it, and (3) assert a demand for a jury trial.

---

May 2, 2022 to file an amended complaint as a matter of course. Again, although Plaintiff requested an extension of the return date of the motion on May 2, 2022 [ECF No. 20], that did not extend the time within which Plaintiff could file an amended complaint as a matter of course. Even though the parties filed a stipulation withdrawing the motion to dismiss and staying the case on May 23, 2022 [ECF No. 21], which the Court signed on May 31, 2022 [ECF No. 22], Plaintiff's right to file an amended complaint expired long before the case was reinstated.

SunPower only opposes this Motion insofar as it asserts non-contractual claims against TEDGUS, on the grounds that such claims are futile.[3] ECF No. 38 at 10-12. However, courts in this District have held that existing defendants do not have standing to oppose the addition of a new defendant on futility grounds. See, e.g., Conrad v. Lopez De LaSalle, Civ. No. 21-8462, 2023 WL 4534110, at *4-5 (D.N.J. July 12, 2023); Chesler v. City of Jersey City, Civ. No. 15-1825, 2019 WL 6318301, at *3 (D.N.J. Nov. 26, 2019). Although the Court notes that SunPower allegedly assigned its Subcontract with Plaintiff to TEDGUS as part of an equity sale [ECF No. 33-2 ¶ 35], on the record before it,[4] the Court does not find, nor has it been argued, that SunPower and TEDGUS are the

---

[3] SunPower argues that not only does Plaintiff "not differentiate against whom it has asserted any of the causes of action," but Plaintiff only alleges conduct taken by SunPower in the amended complaint. ECF No. 38 at 10. Most critically, however, because "the only alleged factual [bases] for liability against TEDGUS are based on an assignment of and assumption of liability under the Subcontract, Plaintiff cannot maintain any non-contract claim against TEDGUS, requiring denial of leave to amend as to all tort, quasi-contract, and statutory claims asserted against TEDGUS." Id.

[4] SunPower's corporate disclosure statement noted that SunPower "is a wholly owned subsidiary of SunPower Corporation, . . . which has more than 10.00% of its common stock owned by TotalEnergies Solar INTL, a wholly owned subsidiary of TotalEnergies SE." ECF No. 2. Plaintiff alleges in its amended complaint that the sole member of TEDGUS is TotalEnergies Renewables USA, and the sole member of TotalEnergies Renewables USA, is TotalEnergies Delaware, Inc. ECF No. 33-2 ¶¶ 3-5.

same entity for purposes of SunPower having standing to oppose the addition of TEDGUS on futility grounds.[5]

Nevertheless, it would be futile for the Court to permit Plaintiff to add TEDGUS as a defendant if Plaintiff did not sufficiently assert claims against it. See Conrad, Civ. No. 21-8462, 2023 WL 4534110, at *4 ("[B]ecause a court has the inherent authority to dismiss claims sua sponte, it may also consider futility arguments concerning proposed parties regardless of a party's standing to raise the futility issue.") (citing Worster-Sims v. Tropicana Ent., Inc., 46 F. Supp. 3d 513, 516-17 (D.N.J. 2014)). Accordingly, the Court will next address which claims, as currently pleaded, can be asserted against TEDGUS, whether the two proposed claims asserted against SunPower are futile, and whether Plaintiff's demand for a jury trial is proper at this time.[6]

---

[5] SunPower would have standing to challenge the addition of TEDGUS as a defendant on undue delay and prejudice grounds, see Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., Civ. No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014), but SunPower does not make these arguments in its opposition brief to Plaintiff's Motion.

[6] The Court will not address the sufficiency of the four original claims asserted against SunPower in Plaintiff's original complaint, or Plaintiff's contention in its Motion that "JJD's Amended Complaint moots each of the arguments raised by SunPower in the Motion to Dismiss," ECF No. 33-1 at 13, as that motion has been terminated. ECF No. 35. SunPower reserves its right to respond to the First Amended Complaint. See ECF No. 37.

<u>Futility of Proposed Claims Asserted Against SunPower</u>

Plaintiff seeks to add the following claims against SunPower: (1) fraud, fraudulent inducement, and fraudulent misrepresentation[7] and (2) negligent misrepresentation. SunPower does not argue in opposition to Plaintiff's Motion that the addition of these claims would be futile. Therefore, the Court will only address, on the record before it, whether Plaintiff pleaded sufficient factual allegations to support these claims.

"'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." <u>Harrison Beverage Co. v. Dribeck Imps., Inc.</u>, 133 F.R.D. 463, 468 (D.N.J. 1990). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (citing <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997); 3 Moore's Federal Practice, § 15.15[3], at 15-47 to -48 (3d ed. 2000)).

For fraud claims, however, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") imposes a heightened pleading standard: "In

---

[7] "Under New Jersey law, the elements required to establish a claim of common law fraud, fraudulent misrepresentation, and fraudulent inducement are identical[.]" <u>Oliver v. Bank of Am., N.A.</u>, Civ. No. 13-4888, 2014 WL 562943, at *2 (D.N.J. Feb. 11, 2014) (quoting <u>Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.</u>, Civ. No. 12-6590, 2013 WL 1431680, at *7 (D.N.J. Apr. 9, 2013)) (alteration in original).

10

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also IDT Domestic Telecom, Inc. v. Crumpler, Civ. No. 22-1947, 2023 WL 1360404 (D.N.J. Jan. 31, 2023). To satisfy Rule 9(b), "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Id. (quoting Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2004)) (alteration in original). "A 'plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" Id. (quoting Frederico, 507 F.3d at 200).

Additionally, "[t]o allege fraud in New Jersey," including fraudulent misrepresentation and fraudulent inducement, see supra note 7, "a plaintiff must plead '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" Oliver v. Bank of Am., N.A., Civ. No. 13-4888, 2014 WL 562943, at *2 (D.N.J. Feb. 11, 2014) (quoting Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005)).

The Court finds that Plaintiff has sufficiently pleaded a claim of fraud, fraudulent inducement, and fraudulent misrepresentation. In the proposed amended complaint, Plaintiff alleges that SunPower fraudulently induced Plaintiff into signing the Subcontract Agreement by only presenting Plaintiff's principals with the Contract Milestone Schedule ("CMS"), which "depicted a relatively short timeframe for work to be performed by JJD and failed to reflect that much of JJD's work needed to be performed subsequent to intervening work by other subcontractors." ECF No. 33-2 ¶¶ 13-18. Plaintiff alleges that SunPower "did not advise any principal of JJD of the existence of the Phasing Plan prior to JJD's execution of the Subcontract."[8] Id. ¶ 19. The Phasing Plan "depicted the scheduling and sequencing of work, relative to other subcontractors, such that receipt of the Phasing Plan would have alerted the principals [of] JJD that its work on the Project could not be completed without interruption and in the timeframe depicted in the CMS." Id. ¶ 20. Further, Plaintiff alleges that after Plaintiff begun work, "SunPower represented to JJD that any injury to JJD caused by the scheduling issues and resulting delays would be addressed through change orders for JJD's work under the

---

[8] Plaintiff alleges that "SunPower emailed the Phasing Plan to JJD's Site Supervisor, a temporary union employee of JJD," but not "any principal of JJD—including Christopher Daloisio, who negotiated the Subcontract on JJD's behalf—prior to JJD's execution of the Subcontract." ECF No. 33-2 ¶¶ 17-18.

Subcontract." Id. ¶ 26. "However, contrary to its representation to JJD, SunPower approved only a fraction of the change orders for work that JJD was required to perform." Id. ¶ 29. Plaintiff alleges that its reliance on these misrepresentations [id. ¶¶ 21, 27] caused Plaintiff to "incur significant unforeseen project costs and other damages" [id. ¶ 33] of approximately $6 million [id. ¶ 34].

These allegations address each of the five aforementioned elements required to assert a fraud claim under New Jersey law and are sufficiently particular to place SunPower on notice of "the who, what, when, where and how of the events at issue," thus meeting Rule 9(b)'s heightened pleading standard. See IDT Domestic, Civ. No. 22-1947, 2023 WL 1360404, at *5-6.

"To state a claim for negligent misrepresentation, a plaintiff must show '(1) an incorrect statement, (2) negligently made, (3) upon which plaintiff justifiably relied, and (4) resulted in economic loss or injury as a consequence of that reliance.'" Noble v. Samsung Elecs. Am., Inc., Civ. No. 15-3713, 2018 WL 801590, at *5-6 (D.N.J. Feb. 8, 2018) (quoting Mason v. Coca-Cola Co., 774 F. Supp. 2d 699, 704 (D.N.J. 2011)). These are the same elements as the elements required for fraudulent misrepresentation, "absent the requirement of scienter." McCash v. Tamir Biotechnology, Inc., Civ. No. 17-2721, 2017 WL 3593127, at *8 (D.N.J. Aug. 21, 2017). Thus, because the Court has already

13

found that Plaintiff sufficiently asserted a claim of fraud, fraudulent inducement, and fraudulent misrepresentation, the Court also finds that Plaintiff has sufficiently asserted a claim of negligent misrepresentation against SunPower. Thus, Plaintiff's Motion, insofar as it seeks to add these two additional claims against SunPower, is **GRANTED**.

Futility of Claims Asserted Against TotalEnergies

The alleged basis of TotalEnergies' alleged liability is that "SunPower assigned the Subcontract to TotalEnergies and TotalEnergies assumed SunPower's liabilities under the Subcontract." ECF No. 33-1 at 5; 33-2 ¶¶ 35-36. Plaintiff explains that "[p]rior to mediation, on or about August 29, 2022, SunPower sent JJD a 'Notice of Assignment' stating that it intended to assign its subcontract with JJD to TotalEnergies as a result of a sale transaction that closed on May 31, 2022." ECF No. 33-1 at 6. Other than these allegations, Plaintiff does not refer to TEDGUS in the amended complaint. Plaintiff even acknowledges in its reply brief that it may be too early for the Court to determine whether the non-contractual claims can be asserted against TEDGUS because "[t]he terms of agreement between SunPower and TEDGUS are matters of fact that are unknown to the Plaintiff" and "cannot be addressed without discovery . . . ." ECF No. 39 at 4.

Because Plaintiff's alleged theory of TEDGUS's liability is that SunPower assigned its liabilities to TEDGUS under a

Subcontract, and because Plaintiff does not plead any specific conduct as to TEDGUS to support the non-contractual claims,[9] Plaintiff's Motion, insofar as it seeks to add non-contractual claims against TEDGUS, is **DENIED without prejudice**.[10] Plaintiff's Motion, insofar as it seeks to add the contractual claims against TEDGUS (count two – breach of contract and count three – breach of the implied covenant of good faith and fair dealing), is **GRANTED**.[11]

<u>Proposed Demand for a Jury Trial</u>

Plaintiff argues that because "[n]o responsive pleading has been filed by SunPower in this action . . . under Rule 38 of the Federal Rules of Civil Procedure, JJD is entitled to demand a jury trial in the First Amended Complaint." ECF No. 33-1 at 15. SunPower does not argue that Plaintiff's demand for a jury trial is improper for any reason.

---

[9] This includes the claim under the Prompt Payment Act [ECF No. 38 at 11]; fraud, fraudulent misrepresentation, and/or fraudulent inducement; [<u>id.</u> at 11-12]; negligent misrepresentation [<u>id.</u>]; and unjust enrichment [<u>id.</u> at 12-13].

[10] The Court notes that this finding does not decide whether the non-contractual claims could ever be asserted against TEDGUS. For example, SunPower, citing <u>Walgreen Co. v. Johnson & Johnson</u>, 950 F.3d 195, 196 (3d Cir. 2020), argues that a statutory claim (i.e., the claim under the Prompt Payment Act) is extrinsic from the terms of the Subcontract, and so cannot be asserted against TEDGUS. ECF No. 38 at 11. The Court need not decide this issue at this time.

[11] The Court notes that SunPower does not appear to oppose Plaintiff's assertion of breach of contract or breach of implied covenant of good faith and fair dealing claims against TEDGUS.

Federal Rule of Civil Procedure 38(b)(1) states that, "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]" "The 'last pleading' referred to by Rule 38 is generally the last answer filed in a case." <u>CIT Commc'ns. Fin, Corp, v. New York Boardup & Emergency Serv. Corp.</u>, Civ. No. 01-5368, 2005 WL 8175853, at *1 (D.N.J. July 11, 2005. No answer has yet been filed in this case. Therefore, and in light of SunPower's lack of opposition to the amendment, Plaintiff will be permitted to add a jury demand to the complaint. <u>See also</u> <u>El-Hewie v. Bergen Cnty.</u>, Civ. No. 08-1760, 2008 WL 11449406 (D.N.J. June 4, 2008).

Accordingly, **IT IS** on this **1st day** of **September 2023**,

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 33] is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff shall file an amended complaint, consistent with the foregoing, on the docket by **September 8, 2023**. Plaintiff shall serve the amended complaint on all defendants consistent with Federal Rule of Civil Procedure 4.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc: Hon. Robert B. Kugler
    Senior United States District Judge